**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| **COLIN FLEMING, AND ALL OTHERS SIMILARLY SITUATED UNDER 29 USC 216(B),** | |
| *Plaintiff*, | **Civil Action No. 3:18-cv-913** |
| v. | |
| **RED HAT, INC.,** | |
| *Defendant.* | |

## ORIGINAL COMPLAINT

Plaintiff Colin Fleming brings this action individually and on behalf of those similarly situated, and in support shows the Court the following:

### SUMMARY

1.     This is an opt-in collective action brought pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, et seq, ("FLSA").

2.     Defendant provides open sources software products and services to the enterprise community. Defendant's policy and practice is to deny proper overtime pay to non-exempt employees.

3.     **THE OT MISCALCULATION POLICY:** Defendant classifies some its employees as non-exempt ("Non-Exempt Employees" or "NEEs") from federal mandated overtime pay, pays them additional compensation in addition to their salary or hourly pay ("Additional Pay"), and fails to pay them overtime at the legally required rate. Defendant has a policy of categorically excluded all Additional Pay from the regular rate to calculate overtime ("OT Miscalculation Policy"). The "Additional Pay" excluded from the regular rate includes, without limitation, commission, quarterly bonus and non-discretionary bonus pay.

4.      **THE UNCOUNTED HOURS POLICY:** Defendant employs some NEEs as "Inside Sales Representatives" or "ISRs" to perform insides sales and pays these ISRs on a salary plus commission basis. ISRs' primary duties consist of (1) selling Defendant's products and services to customers over the telephone and internet; and (2) meeting sales quotas set by Defendant. ISRs regularly work in excess of 40 hours per week to meet Defendant's sales quotas/targets. Defendant fails to accurately track or count ISR's hours worked towards overtime hours worked each workweek and, as a result, regularly fails to pay an overtime premium for all hours worked in excess of 40 hours per workweek in violation of the FLSA ("Uncounted Hours Policy").

## PARTIES

5.      Plaintiff worked as an NEE, and specifically as a ISR, for Defendant over the last two years and worked over 40 hours in one or more workweeks during that time period. His consent to participate in this action is attached as Exhibit A.

6.      Plaintiff brings this action individually and on behalf of those similarly situated pursuant to the FLSA ("FLSA Class Members").

7.      Plaintiff represents two classes of similarly situated groups of Defendant's employees.

8.      The "NEE Class Members" consist of Defendant's current and former NEEs who received Additional Pay that Defendant failed to include in the regular rate to calculate overtime.

9.      The "ISR Class Members" consist of Defendant's current and former ISRs (1) paid on salary basis that (2) Defendant required to meet sales quotas/targets that (3) did not receive overtime for all overtime hours worked.

10.     Defendant Red Hat, Inc. is a Delaware Corporation that has appointed the Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its agent for service of process.

## JURISDICTION AND VENUE

11.     This Court has jurisdiction over Plaintiff's FLSA claim because that claim arises under federal law pursuant to 29 U.S.C. § 216(b) and pursuant to 28 U.S.C. § 1331.

12.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because the events forming the basis of the suit occurred in this District and because one or more of the Parties reside in this District.

## COVERAGE

13.     At all material times, Defendant have acted, directly or indirectly, in the interest of an employer or joint employer with respect to Plaintiff and the Class Members.

14.     At all relevant times, Defendant have been an employer or joint employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

15.     At all relevant times, Defendant have been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

16.     At all relevant times, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that said enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

17.     At all relevant times, Plaintiff and FLSA Class Members were individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

## FACTUAL ALLEGATIONS

18.     Defendant has had business operations throughout the United States, including in Texas and this Judicial District, during the three years prior to the filing of this lawsuit. Defendant

has had an annual gross volume of sales made or business done exceeding $500,000.00 during each year over the past three years.

19.     Plaintiff worked for Defendant as an NEE, and specifically as a ISR, from approximately March 2008 to February 2018.

20.     Defendant violated the FLSA by failing to pay Plaintiff and other ISRs for all overtime hours worked. Plaintiff and the ISR Class Members' primary job duties consisted of (1) selling Defendant's products and services to customers over the phone and internet; and (2) meeting sales quotas set by Defendant. As ISRs, Plaintiff and the ISR Class Members routinely worked over 40 hours per week to meet Defendant's sales quotas. Plaintiff and other ISRs frequently regularly worked overtime because it was difficult or impossible to meet sales quotas or targets set by Defendants without working over 40 hours per week. Defendant did not pay Plaintiff and the ISR Class Members overtime for all hours worked in excess of 40 hours per week. Instead, Defendant paid the ISRs pursuant to the Uncounted Hours Policy that failed to pay ISRs and overtime premium for all overtime hours worked.

21.     NEEs, including ISRs, regularly worked over 40 hours per week, but were not paid overtime at the legally required rate in compliance with the FLSA. Instead of paying NEEs overtime at the legally required rate, Defendant paid them pursuant to the OT Miscalculation Policy that categorically excluded all Additional Pay from the regular rate to calculate overtime.

22.     Defendant knew about the FLSA's overtime requirements, but chose not to pay Plaintiffs or the respective FLSA Class Members overtime in compliance with the law. Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice of failing to pay Plaintiffs or the FLSA Class Members proper overtime compensation. Facts exposing that Defendant willfully violated the FLSA include the fact that Defendant (1) knew about the FLSA as a result of a prior DOL investigation, which resulted in adverse findings, that put Defendant on notice of the FLSA's requirements; (2) failed to keep accurate time records of Plaintiff and the ISR Class

Members' hours worked; and (3) knew that Plaintiff and the ISR Class Members worked in excess of 40 hours per week to meet sales quota set by Defendants.

## COLLECTIVE ACTION ALLEGATIONS

23.     Plaintiff and the ISR Class Members performed the same or similar job duties. Specifically, they performed inside sales and were required to meet sales quotas that required them to regularly work in excess of 40 hours per week. Plaintiff and the ISR Class Members were also subjected to the same illegal pay provision: The Uncounted Hours Policy that failed to pay salaried, non-exempt ISRs overtime for all hours worked in excess of 40 per workweek. Accordingly, the IRS Class Members are similarly situated to Plaintiffs in terms of job duties and pay provisions.

24.     Plaintiff and the NEE Class Members performed the same or similar job duties: The performance of non-exempt work. Plaintiff and the NEE Class Members were also subjected to the same illegal pay policies: The OT Miscalculation Policy that failed to pay all NEEs at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Accordingly, the NEE Class Members are similarly situated to Plaintiff in terms of job duties and pay provisions.

25.     Defendants' failure to pay overtime compensation at the rates required by the FLSA results from generally applicable policies or practices and do not depend on the personal circumstances of the respective Class Members.  Thus, Plaintiffs' experience is typical of the experience of the respective Class Members.  All Class Members, regardless of their precise job requirements or rates of pay, are entitled to overtime compensation at a rate of one-and-one-half their regular rate for hours worked in excess of 40 per week. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.  The questions of law and fact are common to Plaintiffs and the Class Members.

## VII.    COUNT I: FAILURE TO PAY WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARS ACT

26.     During the relevant time period, Defendant violated and continue to violate the provisions of sections 6 and 7 of the FLSA, 29 U.S.C §§ 206-7, and 215(a)(2), by employing employees in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for weeks longer than 40 hours without compensating for work in excess of 40 hours per week at rates no less than one-and-a-half times their regular rates of pay. Defendant have acted willfully in failing to pay Plaintiff and the FLSA Class Members in accordance with the law.

## VIII.   RELIEF SOUGHT

27.     Plaintiffs prays for judgment against Defendant jointly and severally as follows:

a.   For an Order pursuant to Section 16(b) of the FLSA finding Defendants liable for unpaid back wages due to Plaintiff (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who may join the suit);

b.   For an Order awarding Plaintiff (and those who may join in the suit) the costs of this action;

c.   For an Order awarding Plaintiff (and those who may join in the suit) attorneys' fees;

d.   For and Order awarding Plaintiff (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law; and

e.   For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,


*/s/ Jack Siegel*
**JACK SIEGEL**
Texas Bar No. 24070621
Siegel Law Group PLLC
2820 McKinnon, Suite 5009
Dallas, Texas 75201
P: 214.790.4454
E: Jack@siegellawgroup.biz

**ATTORNEYS FOR PLAINTIFF**

## <u>CERTIFICATE OF SERVICE</u>

This is the original Complaint. A copy of this document will be served on Defendant along with a copy of the summons.

<u>/s/ Jack Siegel</u>
Jack Siegel